UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

AXA EQUITABLE LIFE INSURANCE
COMPANY (f/k/a THE EQUITABLE LIFE
ASSURANCE SOCIETY OF THE UNITED
STATES),

                 Plaintiff,

vs.

CENTRE LIFE INSURANCE COMPANY,

                 Defendant.

-----------------------------------------------------------x

Civil Action No. _____

MEMORANDUM OF LAW

[CONDITIONALLY] FILED UNDER SEAL

[SUBJECT TO REQUEST TO FILE UNDER SEAL]

**MEMORANDUM OF LAW IN SUPPORT OF
AXA EQUITABLE LIFE INSURANCE COMPANY'S
PETITION TO FILE ITS RESERVE TRUST MOTION
<u>AND ALL PAPERS IN THIS ACTION UNDER SEAL</u>**

SIMPSON THACHER & BARTLETT LLP
Barry R. Ostrager
Linda H. Martin
Agnès Dunogué
425 Lexington Avenue
New York, New York  10017
(212) 455-2000

*Attorneys for Plaintiff AXA Equitable Life Insurance Company*

Petitioner AXA Equitable Life Insurance Company ("AXA Equitable") respectfully submits this memorandum of law, along with the Affidavit of Linda H. Martin, sworn to on February 19, 2008 (the "Martin Aff."), and any exhibits thereto, in support of its application to file AXA Equitable's Motion, By Order to Show Cause, For Temporary Restraining Order and Preliminary and Permanent Injunctive Relief (the "Reserve Trust Motion") and all documents in this action under seal.

## PRELIMINARY STATEMENT

This action arises out of the breach by Centre Life Insurance Company ("Centre") of its obligations under various agreements entered into between the parties in or about July 2000 in connection with a 100% Quota Share Reinsurance Agreement. In particular, Centre assumed 100% of the economic risk associated with its acquisition from AXA Equitable of an individual disability insurance block of business (the "Disability Block"), and Centre further agreed to maintain adequate credit support to enable it to meet its obligations in connection with the Disability Block.

Centre is violating its obligation to maintain that credit support and, in particular, to deposit sufficient funds into a "Reserve Trust Account" established for the Disability Block. AXA Equitable therefore seeks through the Reserve Trust Motion a temporary restraining order, and preliminary and permanent injunctive relief, requiring Centre to fully fund the Reserve Trust Account.

AXA Equitable requests permission to file the Reserve Trust Motion and all papers in this action under seal because they attach and reference throughout information that the parties deemed "Confidential Information." Specifically, in the Administrative Services Agreement among AXA Equitable, Centre, and Disability Management Services ("ASA",

2

attached as Exhibit A to the Martin Aff.), one of the interrelated agreements entered into by the parties, it was agreed, in relevant part, as follows:

> Each party agrees that it will keep in confidence all confidential, proprietary or policyholder information (the "Confidential Information") that has been or may be provided by another party in the course of the performance of its duties contemplated hereby, and that the receiving party will use the same for the sole purpose of performing its obligations hereunder. Each party hereby agrees not to disclose the Confidential Information of another party to any person except those of its employees, agents, contractors and advisors who have a reasonable need to know such information to assist or advise the party in connection with the performance of its obligations, or enforcement of its rights, hereunder.

Martin Aff., Ex. A at ¶ 11.

In connection with the Reserve Trust Motion, AXA Equitable intends to submit Confidential Information, including but not limited to financial information regarding Centre and the individual disability insurance business transferred by AXA Equitable to Centre, as well as related correspondence. In addition, AXA Equitable intends to submit agreements underlying the transaction in which AXA Equitable transferred the Disability Block to Centre and obtained credit support from Centre.

Because the parties are contractually obligated not to disclose any confidential, proprietary and policyholder information related to the Disability Block, and because the documents submitted with this action will contain such information, there exists a prevailing interest that overcomes the right of public access to the records.

## ARGUMENT

The Court has the inherent power to control its own records in order to protect the rights of litigants before it. *See Nixon v. Warner Communications,* 435 U.S. 589, 598 (1978). In this regard, district courts have the discretion to decide matters of access, "a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599. *See*

*also Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36 (1984) (recognizing "broad discretion" conferred on trial court to decide "what degree of protection is required").

The public's right of access to judicial records, while presumed, is not limitless. *See In re WorldCom, Inc. Secs. Litig.,* No. 02 Civ. 3288 (DLC), 2003 WL 22287350, at *2 (S.D.N.Y. Oct. 6, 2003) (presumption of public access to court records "not absolute"). The public's right to inspect records can be restricted if "court files might . . . become a vehicle for improper purposes," or to protect "business information that might harm a litigant's competitive standing". *Nixon,* 435 U.S. at 598-99. Thus, where parties sufficiently demonstrate that a protective order is appropriate, the Court may take steps to limit the public's access to its records to ensure the confidentiality of the information contained therein. *United States v. Amodeo,* 44 F.3d 141, 145 (2d Cir. 1995). Courts have allowed parties to file motions to enforce agreements under seal, when those agreements provide that their terms are confidential. *See, e.g., Geller v. Branic International Realty Corp.,* 212 F.3d 734, 735 (2d Cir. 2000) (ordering file sealed where plaintiff wanted to "avoid breaching the confidentiality provision of the settlement agreement that she was seeking to enforce"). Here, the parties expressly contracted not to disclose certain sensitive and proprietary information related to the Disability Block, and AXA Equitable seeks to uphold that promise by obtaining an appropriate sealing order. *See Bergen Brunswig Corp. v. IVAX Corp.,* No. 97 Civ. 2003 (PKL), 1998 WL 113976, at *5 (S.D.N.Y. March 12, 1998) ("[a] confidentiality agreement would have no effect if the parties were unable to rely on it"). Moreover, the release of this confidential information is potentially injurious to the parties.

A decision to seal is "an exercise of judgment" which must be considered by balancing the importance of the material to the adjudication and the public interest in such material against "the damage disclosure might cause." *Joy v. North,* 692 F.2d 880, 893 (2d Cir.

1982). Here, any presumption of access is overcome by the parties' privacy interests regarding the Reserve Trust Account and other sensitive, proprietary and privileged information, including information on Disability Block policyholders, exchanged in connection with administration of the Disability Block. Accordingly, in light of the parties' contractual obligations not to disclose "Confidential Information" and "Arbitration Information", AXA Equitable requests that the Court permit AXA Equitable to file the Reserve Trust Motion and all other papers in this action under seal.

## CONCLUSION

For the foregoing reasons, AXA Equitable respectfully requests that this Court enter an Order allowing AXA Equitable to file the Reserve Trust Motion and all other papers in this action under seal.

Dated: New York, New York
February 19, 2008

Respectfully submitted,

SIMPSON THACHER & BARTLETT LLP

By: /s/ Linda H. Martin
Barry R. Ostrager (BR 5379)
Email: bostrager@stblaw.com
Linda H. Martin (LM 9219)
Email: lmartin@stblaw.com
Agnès Dunogué (AD 1977)
Email: adunogue@stblaw.com
25 Lexington Avenue
New York, New York 10017-3909
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

*Attorneys for Plaintiff AXA Equitable Life Insurance Company*