Alan B. Vickery (AV6842)
Scott L. Shuchart (SS2834)
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AXA EQUITABLE LIFE INSURANCE COMPANY (f/k/a THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES),<br><br>Plaintiff,<br><br>vs.<br><br>CENTRE LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 08 Civ 1661 (AKH)<br><br>**[CONDITIONALLY] FILED UNDER SEAL**<br><br>**[SUBJECT TO APPLICATION TO FILE UNDER SEAL]**<br><br>**DECLARATION OF ALAN B. VICKERY** |

I, Alan B. Vickery, declare and state:

1.  I am a citizen of the United States, am over the age of 21, and am competent to testify to the matters set forth herein.

2.  I am an attorney at law admitted to the Southern District of New York and a member of the firm Boies, Schiller & Flexner LLP, counsel for the Defendant, Centre Life Insurance Company ("Centre"), in the pending action.

3.  Attached hereto and filed herewith as Exhibit A is a true and correct copy of a letter sent by William Casill of Plaintiff AXA Equitable Life Insurance Company ("AXA Equitable") to Richard Grilli of Centre dated July 19, 2006.

4.  Attached hereto and filed herewith as Exhibit B is a true and correct copy of a letter sent by Richard Grilli of Centre to William Cassil of AXA Equitable dated July 31, 2006.

1

5. Attached hereto and filed herewith as Exhibit C is a true and correct copy of a portion of the transcript of a hearing before an arbitration panel on January 30, 2007 in the arbitration between Centre and AXA Equitable.

6. Attached hereto and filed herewith as Exhibit D is a true and correct copy of the Reinsurance Agreement between Centre and AXA Equitable.

7. Attached hereto and filed herewith as Exhibit E is a true and correct copy of the Credit Support Agreement between Centre and AXA Equitable.

8. Attached hereto and filed herewith as Exhibit F is a true and correct copy of the Reserve Trust Agreement between Centre and AXA Equitable.

9. On June 30, 2006, Centre filed a Claim and Demand for Arbitration against AXA Equitable.

10. On August 1, 2007, Centre filed an Amended Claim and Demand against AXA Equitable.

11. On February 15, 2008 Centre filed Re-Amended Demand for Arbitration against AXA Equitable. Attached hereto and filed herewith as Exhibit G is a true and correct copy of the Re-Amended Demand.

12. Aside from changes in Damages Calculations, the Demand, the Amended Demand and the Re-Amended Demand are nearly identical.

13. On October 19, 2007, AXA Equitable filed a single Motion for Summary Judgment based upon a plain language interpretation of the Reinsurance Agreement between Centre and AXA Equitable. This behavior was directly in contrast AXA Equitable's assertion at a January 30, 2007 hearing that they intended to seek relief by summary judgment from the

Panel on the issue of alleged underfunding of the Reserve Trust between AXA Equitable and Centre.

14.     At a deposition after the Summary Judgment deadline set by the Panel had passed, in October or early November of 2007, I asked AXA Equitable counsel Michael Ledley of the law firm of Simpson Thacher & Bartlett LLP, if AXA Equitable still intended to seek relief by summary judgment on the Reserve Trust issue. Mr. Ledley responded with words to the effect that AXA Equitable felt that there was too much variance in the balance of the Reserve Trust to make such a claim worthwhile and that AXA Equitable had decided not to seek summary judgment relief from the Panel on this issue.

15.     On November 16, 2007, Centre submitted its Response in Opposition to AXA Equitable's Motion for Summary Judgment. Attached hereto and filed herewith as Exhibit H is a true and correct copy.

16.     On December 12, 2007, the arbitration Panel, without oral argument, denied AXA Equitable's motion for Summary Judgment and also denied AXA Equitable's alternative motion to bifurcate the hearing into damages and liability phases.

17.     On January 22, 2008, AXA Equitable asked the Panel for "clarification" of the December Order denying Summary Judgment and Bifurcation and re-argued the bifurcation issue.

18.     On February 6, 2008, the Panel again ordered that the hearing should not be bifurcated and noted that it would commence on March 10, 2008 as scheduled.

19.     On February 8, 2008, Centre and AXA Equitable exchanged pre-hearing briefs.

20.     Attached hereto and filed herewith as Exhibit I is a true and correct copy of Centre's Pre-Hearing Brief.

21. On February 19, 2008, at approximately 2:15 pm, I received a "courtesy" phone call from AXA Equitable counsel Linda Martin of the law firm of Simpson Thacher & Bartlett LLP. Ms. Martin informed me that AXA Equitable would be going to this Court in 45 minutes to seek a Temporary Restraining Order and an Order to Show Cause. This is the first time Equitable or its counsel had raised the issue since my conversation last fall in which Mr. Ledley indicated they were not pursuing it.

22. At approximately 3:20 pm the same day, I responded to Ms. Martin. Attached hereto and filed herewith as Exhibit J is a true and correct copy of the e-mail that I sent to her.

23. I received an e-mail at 6:15 pm on the same day from Ms, Martin that attached PDF versions of the papers filed by Equitable. Attached hereto and filed herewith as Exhibit K is a true and correct copy of the e-mail that I received, exclusive of attachments.

24. At 6:33 pm that same day, Equitable counsel Summer Craig sent a letter to the panel regarding the filing and attached the same papers as I described in paragraph 23. Attached hereto and filed herewith as Exhibit L are true and correct copies of the e-mail and the letter from Mr. Ostrager that she sent to the arbitration panel, exclusive of other attachments.

25. Attached hereto and filed herewith as Exhibit M is a true and correct copy of the Guarantee Rights Agreement between Centre Reinsurance (U.S.) Ltd., Zurich Insurance Company and Equitable.

26. Attached hereto and filed herewith as Exhibit N is a true and correct copy of the Guarantee Agreement between Centre Reinsurance (U.S.) Ltd. and Zurich Insurance Company.

27. Attached hereto and filed herewith as Exhibit O is a true and correct copy of the Amended and Restated Security Bond between Centre Reinsurance (U.S.) Ltd. and Centre.

28.     At 4:32 pm on February 19, 2008, I received an e-mail from Barry Ostrager, Esq., counsel for AXA Equitable. Attached hereto and filed herewith as Exhibit P is a true and correct copy of that e-mail.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 20, 2008

/s/ Alan B. Vickery
Alan B. Vickery