Alan B. Vickery (AV6842)
Scott L. Shuchart (SS2834)
BOIES, SCHILLER & FLEXNER LLP
575 Lexington Avenue, 7th Floor
New York, New York 10022
Telephone: (212) 446-2300
Fax: (212) 446-2350

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AXA EQUITABLE LIFE INSURANCE COMPANY (f/k/a THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES),<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CENTRE LIFE INSURANCE COMPANY,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 08 Civ 1661 (AKH)<br><br>**[CONDITIONALLY] FILED UNDER SEAL**<br><br>**[SUBJECT TO APPLICATION TO FILE UNDER SEAL]**<br><br>**DECLARATION OF ALAN B. VICKERY IN SUPPORT OF DEFENDANT CENTRE LIFE INSURANCE COMPANY'S MOTION TO FILE UNDER SEAL** |

I, Alan B. Vickery, declare and state:

1.　　I am counsel to Centre Life Insurance Company ("Centre"), the defendant in this action. I am fully familiar with the facts set forth herein based upon my own personal knowledge. I am supplying this Declaration in support of Centre's Motion To File Under Seal.

2.　　Centre's papers filed concurrently herewith attach and reference information that is deemed "Confidential Information" by an Administrative Services Agreement ("ASA") By and Among Disability Management Services, Inc., Centre and AXA Equitable Life Insurance Company ("AXA Equitable") and/or the Confidentiality

1

Agreement and Order ("Confidentiality Order") in the pending arbitration between the parties.

3. A true and correct copy of the ASA was attached as Exhibit A to the Affidavit of Linda H. Martin in support of plaintiff AXA Equitable's Application to Seal.

4. Paragraph 2 of the Confidentiality Order, a true and correct copy of which is attached hereto as Exhibit A, similarly requires plaintiff and defendant here to maintain all:

> briefs, depositions and hearing transcripts generated in the course of th[e] arbitration, discovery requests or responses, documents created for the arbitration or produced by the opposing party or third-parties . . . and any interim decisions, correspondence, oral discussions and information received in connection with the proceedings . . . confidential.

5. In connection with the pending motions, including as exhibits to another Declaration of Alan B. Vickery, Centre intends to submit confidential information, including but not limited to transcripts of hearings before the arbitration panel, information received in connection with those proceedings, and other information exchanged by the parties in the course of performing their duties under the reinsurance transaction at issue.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: February 20, 2008

/s/ Alan B. Vickery
Alan B. Vickery

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AXA EQUITABLE LIFE INSURANCE           :
COMPANY (f/k/a THE EQUITABLE LIFE      :    Civil Action No.
ASSURANCE SOCIETY OF THE UNITED        :    08 Civ. 1661 (AKH)
STATES),                               :
                                       :
                       Plaintiff,      :
                                       :
        vs.                            :
                                       :
CENTRE LIFE INSURANCE COMPANY,         :
                                       :
                       Defendant.      :
                                       :
------------------------------------------------------------X

**DECLARATION OF ALAN B. VICKERY
IN SUPPORT OF DEFENDANT CENTRE LIFE INSURANCE COMPANY'S
MOTION TO FILE UNDER SEAL
EXHIBIT A**

In the Matter of the Arbitration Between
---------------------------------------------------------------x
CENTRE LIFE INSURANCE COMPANY,            : :
                                          : :
                              Claimant,   : :
                                          : : Umpire: N. David Thompson
            -and-                         : : Arbitrator: James F. Dowd
                                          : : Arbitrator: Ronald L. Wobbeking
AXA EQUITABLE LIFE INSURANCE              : :
COMPANY (f/k/a THE EQUITABLE LIFE         : :
ASSURANCE SOCIETY OF THE UNITED           : :
STATES),                                  : :
                                          : :
                              Respondent. : :
---------------------------------------------------------------x


## CONFIDENTIALITY AGREEMENT AND ORDER

1. The parties intending to be bound by this agreement and order are:

    a. AXA Equitable Life Insurance Company, and any of its parent corporations, subsidiaries, affiliates, agents, employees, attorneys, officers and directors ("Equitable").

    b. Centre Life Insurance Company, and any of its parent corporations, subsidiaries, affiliates, agents, employees, attorneys, officers and directors ("Centre Life").

2. Except as provided in Paragraph 3 below, and absent written agreement between the parties to the contrary, Equitable and Centre Life agree that all briefs, depositions and hearing transcripts generated in the course of this arbitration, discovery requests or responses, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, the final award (including the fact of such award) and any interim decisions, correspondence, oral discussions and information received in connection with the proceedings (hereinafter collectively referred to as "Arbitration Information") will be kept confidential. This Confidentiality Agreement and Order ("Confidentiality Order") will remain in effect even after conclusion of the arbitration proceedings.

3. Disclosure of Arbitration Information may be made: (a) to the extent necessary to secure payment from retrocessionaires; (b) to the parties' parent corporations and affiliates; (c) in connection with arbitration or court proceedings relating to any aspect of the arbitration, including but not limited to interim decisions, motions to confirm, modify or vacate an arbitration award, provided that the parties make good-faith efforts to secure an order of confidentiality from the court; (d) with auditors retained by either of the parties hereto, or federal or state regulators; and (e) in order to comply with orders of any court, arbitration panel or governmental entity. Any disclosures pursuant to subparagraphs (a), (b), and (d) shall be accompanied by an instruction to any recipient to maintain the confidentiality of all Arbitration Information. In connection with any disclosures pursuant to subparagraph (c), the parties agree, subject to court approval, that all submissions of Arbitration Information to a court shall be sealed and, subject to the respective panel's approval, all submissions of Arbitration Information to an arbitration panel shall be on a confidential basis. If either party is requested or required under subparagraph (e) to disclose Arbitration Information, subject to any applicable legal restrictions, that party will give written notice to the other as soon as possible after the court order is received. In all contexts other than disclosure to federal or state regulators pursuant to subparagraph (d), both parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will reasonably cooperate with each other in resisting or limiting disclosure of Arbitration Information.

4. For the purpose of this arbitration, Arbitration Information may be disclosed on an as needed or as appropriate basis to the following persons only:

    a.    the arbitration panel, who evidence by their execution hereof their undertaking to maintain Arbitration Information in confidence as set forth

2

herein;

b. employees and agents of the parties or their affiliates for purposes consistent with this agreement;

c. any party deposition or trial witness;

d. any person retained by counsel for a party to assist in this arbitration including but not limited to expert consultants; provided, however, that such person shall be bound by the terms of this Confidentiality Order as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to material produced in this arbitration, an Agreement to be Bound by Confidentiality Agreement in the form attached hereto as Exhibit A; or

e. any non-party deposition or trial witness; provided, however, that such person shall be bound by the terms of this Confidentiality Order as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to material produced in this arbitration, an Agreement to be Bound by Confidentiality Agreement in the form attached hereto as Exhibit A.

5. Notwithstanding any other provision, Arbitration Information may also be disclosed on an as needed or as appropriate basis to the following persons only: counsel for a party or employees of counsel's law firm who are assisting counsel.

6. Other than as set forth in sections 4 and 5, if a party is requested or required to disclose Arbitration Information, subject to applicable legal restrictions, that Party will: 1) notify the other party(ies) in writing as soon as possible after the subpoena, request or court order is received, to permit the other party(ies) to seek legal protection against any such disclosure; and 2) tender the defense of that demand to the party that produced the Arbitration Information, or permit that party to associate in the defense of that demand. Unless the demand has been timely limited, quashed or extended, the obligated party will thereafter be entitled to comply with such demand, request or court order to the extent required by law. If requested by any other party(ies), the obligated party will cooperate (at the expense of the requesting other party(ies)) in

the defense of a demand.

7.  The parties recognize that serious injury could result to any party and its business if the other party breaches its obligations under this Agreement. Therefore, each party agrees that all parties will be entitled to seek a restraining order, injunction or other equitable relief if another party breaches its obligations under this Agreement, in addition to any other remedies and damages that would be available at law or equity.

8.  Nothing herein shall preclude a party from disclosing or using its own documents created for purposes other than this arbitration.

9.  The parties agree that this Confidentiality Agreement can be executed in counterparts.

Dated: February 22, 2007

_____
Barry R. Ostrager, Esq.
for Respondent AXA Equitable Life Insurance Company

Dated: February 28, 2007

_____
Alan B. Vickery, Esq.
for Claimant Centre Life Insurance Company

Dated: March 14, 2007

_____
Thorn Rosenthal, Esq.
for Claimant Centre Life Insurance Company

4

So ordered:

_____   Dated:_____
N. David Thompson, Umpire

_____   Dated:_____
James F. Dowd, Arbitrator

_____   Dated:_____
Ronald L. Wobbeking, Arbitrator

EXHIBIT A

In the Matter of the Arbitration Between

------------------------------------------------------------x
CENTRE LIFE INSURANCE COMPANY,

                                Claimant,

                    Umpire: N. David Thompson
-and-                   Arbitrator: James F. Dowd
                    Arbitrator: Ronald L. Wobbeking

AXA EQUITABLE LIFE INSURANCE
COMPANY (f/k/a THE EQUITABLE LIFE
ASSURANCE SOCIETY OF THE UNITED
STATES),

                                Respondent.
------------------------------------------------------------x

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT

      1.      I am aware that the parties to In the Matter of the Arbitration Between Centre Life Insurance Company and AXA Equitable Life Insurance Company have entered into a Confidentiality Agreement and Order dated _____, 2007. I have received and read a copy of the Confidentiality Agreement and Order.

      2.      I agree to review or otherwise use the material produced in the instant arbitration by Centre Life Insurance Company and AXA Equitable Life Insurance Company only under supervision of a party's counsel and only in connection with this particular arbitration.

      3.      I agree that I will be bound by the terms of the Confidentiality Agreement and Order as though I were a party to the arbitration, and I will not disclose or discuss material produced by Centre Life Insurance Company and AXA Equitable Life Insurance Company to or with any person other than those permitted access to such material under the Confidentiality Agreement and Order.

1

DATED: _____

Signature: _____

Name (Printed): _____

Title & Company: _____

_____